May it please the court, my name is Georgia McMillan. I represent the defendant appellant Pablo Romero. I ask to reserve two minutes of rebuttal time. I'm going to rely on my Today I want to focus on the chief argument in the brief, which is that we believe that when the court instructed the jury concerning an aiding and abetting count, count 20 of an indictment, that the court made a Fifth Amendment error, because that instruction did not comport with the way that count 20 was written in the indictment. If I could just backtrack for a minute. This case is one of the cases that you were just talking about in the previous case. It comes from a big drug bust on Maui a few years ago. And in this particular case, the subject matter was a heroin conspiracy. The timeline is roughly November 1999 through April 2000. The first superseding indictment in this case has, I believe, 56 various counts. The count I want to focus on is count 20, an aiding and abetting count. That count focuses on a particular This is the count where the judge instructed the jury, if you find he did a transaction at any time with any person? Yes. More or less than 100? Yes. That's what I'm talking about. And I gather there was no objection to that. There was no objection. So this is a plain error. Yes. And it's your position that they could have, there are a whole series of transactions involved in these indictments. Yes. And he was. It's my position, Judge, that the way that the trial judge instructed the jury on this count, the jury was permitted to significantly expand the scope of this aiding and abetting count, count number 20. It could include all transactions involved in this heroin conspiracy. And those transactions are on a timeline from November 1999 through April 8, 2000. Who else could they have convicted? I guess looking at it here, it might be Brooke Davis might be one that would fit the jury instruction that's not letting the indictment. I think given the way that the trial judge instructed the jury, they could have gone after any of the other 10 co-defendants. Right. But as the evidence came in at trial, which one of the co-defendants, where was the, how did the evidence fall between your client and the other co-defendants? Yes. As the evidence came in at trial, the focus was the aiding and abetting account. I'm sorry if I'm going in a roundabout way to your question. The aiding and abetting account, as written in the indictment, focused on a failed attempt to smuggle 90 grams of heroin from Los Angeles to Maui. And as the evidence came through at trial, the evidence substantiated that count in the indictment. But my problem is with the judge's instruction to the jury. But I guess if I might explain my concern, maybe you can address it. One can have a variance that doesn't make any difference if the name is simply incorrectly spelled. But if it's different behavior, if the jury is convicting someone on behavior not charged, that's another matter. So as the evidence came in in this case, what other co-defendants with the evidence? In other words, if we take all of the ones that are listed in Camp 20, all the co-defendants out of it, what else, who else could he have been convicted of aiding and abetting? I think he could have been convicted of aiding and abetting all of the other co-defendants. Are there other transactions other than this? You described a transaction on about March 31st. Yes. This particular transaction that he was accused of participating in, bringing in a certain amount. Are there other transactions that were proved during the trial that he could have been accused of aiding and abetting, either with or without these same people? On that date, no. No, no, not on that date. This charge is a particular transaction. What I'm saying is if you broaden it to any date with any people, is there any evidence that would allow a jury to associate him with other transactions? Yes. Yes, there was. It's … And what is that? Well, for example, I apologize if I'm not answering your question directly, Your Honor. I'm not sure that I understand it. But for example, the other transactions were listed in Counts 3 and Counts 5. There was an undercover buy on Valentine's Day, and there was also a traffic stop that revealed drugs. But that, the jury ended up acquitting him of the, I think, the charge and ended up just convicting him on possession. Well, I guess my question is, are there evidence of other transactions with co-defendants that came in the trial? I take your generic point, which is if you're construing abetting broadly, you might be talking about the entire scheme. But was there evidence of other transactions with any other co-defendants that the jury might have relied upon improperly? Yes, there was the testimony of his girlfriend, who was the individual involved in the failed Los Angeles smuggling attempt. She spoke about, she testified to going around the island with the defendant on various drug buys. And that was who? The co-defendant, Melinda Van Atten. But she was charged, right? She pled out. Yes, she was charged. She pled out in count 20. Yes, she's one of the four co-defendants in count 20. Right. She talked about different transactions other than the March 31st deal, the count 20 case. The count 20 deal relates to a specific deal, as it were. Yes. The importation of a particular amount, which is supposedly an excess of 100, but was actually 90%. Yes. And he was charged in count 20 with aiding and abetting that deal. Yes. Now, some of these people also were involved in other deals. Yes. Some who are listed here, like Melinda Van Atten, and maybe other people not listed here. But there were a whole series of transactions. He was only charged in this count with one transaction. Yes. But your point is that he could have been, the jury could have convicted him of, under the charge of aiding and abetting other transactions. As the trial. And Jim Thomas' question, I think, is what are those other transactions? They're not charged in count 20. But he could have been convicted of. I think that your question focuses on the problem, which is that we're not sure what the jury focused upon to reach a guilty verdict. The only evidence was of that transaction, and there were other people charged. And the only involvement of this defendant was in that transaction. Even if there's error, it's hard to see how it's harmless. On the other hand, if there's another transaction at issue, let's say that he was doing, I know the evidence came in he was dealing with Brooke Davis, but she's not a co-defendant. Let's take the Davis transaction. If she were a co-defendant, the jury could have said, well, this Davis transaction, and the jury instruction says aiding and abetting her, that could have easily done it. We don't think he was guilty of what happened on the 31st of March. Then I can understand your point. I mean, specifically. So what I'm looking for, I guess, is something like that with other co-defendants. You said, well, he was involved in a transaction. The jury could have believed or convicted him of that, although he wasn't sure. I don't know if I'm communicating any better or not. I think that the evidence of the trial and all the testimony showed numerous, numerous instances of transactions. For example, the undercover by the Valentines by. What co-defendants did that involve? Van Atten. So, in other words, we have to get to a different transaction as opposed to a different person. Let me break it down. Are there people, do you have transactions other than with the four defendants named in Camp 20 that you can point to in the record that might form the basis of the conviction? No, I can't point to them. So then what you're saying is there was something that happened on a different date with these four defendants. Or one of them. Or one of them. Like the undercover body had a different date. Is that what you're saying? I don't think so, Your Honor. Your Honor, the issue that I'm raising is that the count and the instruction vary. I understand that completely. But the question is then, if you leap ahead, is it plain error or even harmless error if there's only one possible conclusion that the jury could have reached? Now, if they could have convicted him of crimes of which he was not charged, that's a whole different matter. But what I'm struggling with is to find out in the record, because I haven't read the trial transcript on this case, where they were. Let me drive this in. Suppose the only evidence introduced in this case was evidence about the March 31st transaction. But the judge didn't say, on March 31st, and didn't identify the co-defendants. But all there was was that deal. Then it really wouldn't have mattered if the judge didn't mention the date or the co-defendants or anything else. Because the jury would have either found him guilty of that transaction or not. Now, here you have a whole series of drug deals. And he's accused of one particular drug deal. But the judge says, instead of what the indictment says, the judge says, well, he's charged with being involved in drugs and aiding and abetting drug transactions at any time in excess of 100 grand. So the question is, are there other deals which are before the jury? Where the jury might have said, well, he may have aided and abetted in some of those other transactions. And we add them up, and they're over 100. Are they coming to 90 or whatever? Are there other drug transactions going on where a juror might have thought that he could be found with aided and abetted in any of those transactions? Well, if I could, I'll answer the first part of your question. You set up the hypothetical. Let's say that this is a case that only involves the March 31st failed attempt. But the judge, and that is set out with specificity in the indictment. But the judge. And that's the only evidence. And that's the only evidence. But when the trial judge instructs the jury, the trial judge gives the kind of instruction that we find in the record in this case. In that case, I don't think you have the same problem. Right. Now, why is this different? That's what we're trying to get at. What is it that's different about this case? Because assuming the facts in that hypothetical where you only have evidence of this March 31 deal, I don't think that you have the notice problems that come up in a much wider context like this case where the defendant is charged with one set of facts in the indictment, but the jury convicts him on a different set of facts. You don't run into the sorts of Fifth Amendment problems that come up in those sorts of cases because there's only one transaction that's being tracked by the jury and the defendant. There are lots of counts. There are lots of transactions. And the question is, could the jury have added into or convicted him based on any of those other transactions? The instruction says so, that they could have. The question is, is there evidence, any reason to believe he was prejudiced because the jury might have convicted him of one of the other transactions? I think that the jury could have, given this open-ended scope of the instruction with no time specificity that doesn't identify the co-defendants that were named in Count 20 and that doesn't identify the amount of drugs. Thank you. All right. We're well over, again. Thank you. If you need a minute or two to rebuttal. Thank you. Thank you. May it please the Court. Good morning. Tom Ehrlich again for the United States. What we argued in our brief in response to the questions I just heard is that there was no plain error, that if there was any error, it was harmless error. The jury could not have been misled. Both the defense counsel and I argued that the Count 20 talked about the March 31st transaction where Melissa Van Etten, the defendant's girlfriend, went up to California, obtained a quantity of heroin which was believed to be 100 grams. After the case was indicted, it was found in the laboratory to be 90 grams, less than 100 grams. What was presented to the jury in the argument, despite the open-ended instruction on AD and abetting, was that this transaction, the March 31st transaction and Count 20, which also parallels the overt act of 36 where Melinda Van Etten carried approximately 100 grams of heroin hidden under her clothing and her shoes through the Ontario Airport terminal, that this transaction and the Count 20 was this carrying back the heroin that Melinda Van Etten did, despite the fact that rather than making it a very tight instruction saying that the defendant AD and abetted these defendants named in Count 20 on this particular date, the jury clearly was following what was going on. The jury came back with a special finding, a special verdict saying it was less than 100 grams, that it was less than 100 grams because the San Bernardino Sheriff's Department Crime Laboratory found it to be 100 grams, and that was not really an issue. The only... I didn't think that helped you, though, in a sense, because if he had other transactions of less than 100 grams, then, or he was involved in other transactions involving less than 100 grams, and there were some of those that they could have convicted him on that. I realize, and I take your point that it's not likely. Yes. But I don't think that likeliness is the test on the impermissible expansion or constructive amendment of the indictment. The question is, is that were there other transactions of which he could have been, in other words, was there unindicted behavior of which the jury could have convicted him, but not likely that they convicted him? Well, there was behavior that was discussed in the light of overt acts of Count 1, Your Honour, and there were... But those, and those were testified to by Van Etten as to small distributions of drugs that the defendant had done, that she had done at the defendant's request when he was laid up with a broken leg. She had done that on Molly. But we're talking quarter gram, half grams amount, not anywhere near the... The other transactions we talked about, which were an undercover sale to a FBI agent, was Valentine's Day, and the telephone calls were very particular. I don't recall anything that the jury could have been confused on in this case. Well, it's not necessarily confused, but it's impermissibly... I mean, for example, let's take the Van Etten transactions. I mean, if the evidence had not been presented on the March 31 transaction, the March 3 transaction, theoretically the jury could have found, given that instruction, that convicted him of aiding and abetting that other transaction because they found that he aided and abetted a transaction distributing less than 100 grams. Yes. Yes, there is that argument. Yes, sir. So I guess at the end of the day, I mean, I think there's probably... There may well be error in the instruction of questions, whether it's plain error or not. And we submit on what we had. We submitted to the court that we didn't take this plain error based upon the facts of the issues presented, the argument made, the factual basis. That's all I have, unless the court has particular questions. I appreciate your help in this regard. Thank you. Just briefly a couple of comments. The government has mentioned that it attempted to focus the jury in its closing arguments, but we submit that the weight of the closing arguments cannot match the importance of the trial judge's instructions to the jury and that those need to take precedence. And the issue is whether this is plain error or not. And we submit that it is plain error. Thank you, Your Honor. Thank you both very much. Please just argue with each other. And the court will stand in recess to the vote. All rise. The court for the second time adjourns.
judges: Browning, Reinhardt, Thomas